Harry P. Samuels v. Commissioner.
Samuels v. Commissioner
Docket No. 4038.
United States Tax Court
1945 Tax Ct. Memo LEXIS 95; 4 T.C.M. (CCH) 866; T.C.M. (RIA) 45284; August 27, 1945
*95 John A. McCann, Esq., 535 Union Trust Bldg., Pittsburgh, Pa., and Max V. Schoonmaker, Esq., for the petitioner. William H. Best, Jr., Esq., for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined a deficiency of $3,597.89 in the petitioner's income tax for the calendar year 1941. The petitioner contends that one-half of the income from a retail shoe business for the last six months of 1941 was erroneously included in his income by the Commissioner, whereas it belonged to his son who was a partner in the business during that period. Findings of Fact The petitioner is an individual residing in McKeesport, Pennsylvania. He filed his income tax return for the calendar year 1941 with the collector of internal revenue for the 23d district of Pennsylvania. The petitioner has been engaged for many years in the retail shoe business and had built up two successful stores in McKeesport, Pennsylvania. He has one son, Leroy. Leroy has worked in his father's store ever since he was a small boy. He was regularly employed during his spare time when he was going to school, and after two years of college studying business administration, *96 he gave up his college career in order to come into the business and work full time. He began to work full time in the business in 1939 when he was 21 years of age. He became competent to conduct the business and was assuming equal authority with his father in the business. The petitioner, after consulting his accounting and legal advisors, decided to give his son a one-fourth interest in the assets of the business and to form a partnership with his son. The petitioner and his son Leroy entered into an agreement of partnership dated June 30, 1941. This instrument recited that the petitioner was the owner of the retail desired to reward his son for the interest he had shown in furthering the business by giving the son an interest in the business. The agreement provided that the two men associate themselves as partners for the operation of the retail shoe business in McKeesport for a period of three years beginning July 1, 1941, and as long thereafter as they might mutually agree; the son owned an undivided one-fourth interest and the petitioner owned an undivided three-fourths interest, but all profits in the business should be divided one-half to each and all losses should be borne *97 one-half by each; the two should have equal rights in managing the business; and in case the petitioner should die during the existence of the partnership, his entire interest in the partnership should pass to his son upon condition that the son discharge all of the liabilities of the partnership, and in case the son should die during the existence of the partnership, his entire interest in the partnership should pass to the petitioner upon condition that he discharge all liabilities of the partnership. Entries were made on the books of the business on July 1, 1941 to show that one-fourth of the assets of the business, or $10,092.01, belonged to Leroy, and three-fourths of the assets, or $30,276.03, belonged to the petitioner. The petitioner and his son promptly filed certificates in the Office of the Prothonotary of Allegheny County and with the Secretary of the Commonwealth of Pennsylvania showing that they were carrying on the retail shoe business in McKeesport as partners. The partners had an understanding on June 30, 1941 that the petitioner would be entitled to withdraw from the business $150 per week and Leroy would have a right to withdraw $75 per week. Monthly statements *98 were sent to each. The profits of the business for the six months period ended December 31, 1941 were credited in equal amounts to the capital accounts of the two partners, and the drawings of each partner for that period were debited to those accounts. Income tax returns were filed by the partners and on behalf of the partnership showing that the income belonged one-half to the petitioner and one-half to his son. The petitioner also filed a gift tax return reporting the transfer of a one-fourth interest in the partnership to his son, but showing no tax due. The Commissioner, in determining the deficiency, increased the petitioner's reported income by $8,157.42, with the following explanation: "It is held that a bona fide partnership for income tax purposes did not exist between you and your son, Leroy C. Samuels, during the period July 1 to December 31, 1941, and that the entire income of the 'Samuels Shoe Store' for the year 1941 is taxable to you." Leroy had been registered under the Selective Service Law prior to June 30, 1941. The petitioner believed that his son would pass his physical examination and be inducted into service in the fairly near future for at least a *99 year. Leroy was inducted into the Armed Forces of the United States on August 13, 1941, and from that time to the date of the hearing has at all times been in the Army of the United States. Leroy devoted his full time to the partnership business from July 1 until August 13, 1941, but since that date has not been able to engage regularly in that business. The petitioner has continued to devote his full time to the business. Leroy was married in 1942, and thereafter, at the suggestion of the petitioner, Leroy and the petitioner entered into an agreement dated December 26, 1942, striking out that part of their original partnership agreement which provided how the partnership interests should go upon the death of either partner and substituting therefor new provisions under which the petitioner's interest in the partnership should pass at his death to his wife and Leroy's interest should pass at his death to the petitioner, upon condition that the petitioner discharge all of the liabilities of the partnership, and providing further that all sums drawn from the business by either partner should be charged to his capital account until the two accounts should become equal, after which all *100 drawings or salaries were to be considered an expense of the business and the remaining profits thereafter divided equally between the two partners. Leroy gave the petitioner a general power of attorney on July 12, 1943, shortly before he embarked for overseas duty. The petitioner, pursuant to authority from Leroy, opened an account in a bank in his own name in which account he deposited money which he withdrew from the partnership on behalf of Leroy and from which he paid bills contracted by Leroy. Opinion MURDOCK, Judge: The Commissioner has refused to recognize for income tax purposes the partnership between the petitioner and his son. He seems to concede that a legal partnership existed under the laws of Pennsylvania, but contends that the whole arrangement was a sham, having as its only purpose the reduction of the petitioner's income taxes, and since the earnings are due entirely to the petitioner's personal services, they should be taxed to him. We are unable to agree with the Commissioner. The record is clear that this partnership agreement was not entered into merely for the purpose of reducing the petitioner's income taxes. The petitioner had spent about 30 years *101 in the retail shoe business in McKeesport, and in the course of that time had made his business successful. He had one son in whom he was tremendously interested. He had trained the son in the shoe business throughout the latter's life in the hope and expectation that he would become proficient in that business and eventually share it or perhaps take it over. The son was a willing student and gave up further college education to enter the business in 1939 at or about the time he became 21 years of age. He devoted all of his time and energies to the business, and under his father's tutelage learned the various phases of the business and relieved his father of much of the responsibility of managing and conducting the business. His father desired to give his only son an interest in the business and he did so. Thus, the principal reason for the transfer of the one-fourth interest to the son and the creation of the partnership was, not to reduce the petitioner's taxes, but to bring the son into the father's business in accordance with an ambition of long standing. If the son had been able to continue his active participation in the business after formation of the partnership, there would *102 be little reason, if any, for questioning his right to one-half of the earnings. But he was drafted into the Army on August 13, 1941, the 44th day of the existence of the partnership. He has not been able to return to active participation in the business of the partnership. Perhaps under similar circumstances one partner might have the right to discontinue the partnership and carry on his share of the business separately, but this one was not discontinued. On the contrary, the father carried on during the absence of his son, and the evidence indicates that the son has been given full credit for his share of the earnings of the partnership. We are satisfied that the parties were sincere in the acts which they performed and that those acts are not at all lacking in bona fides. It is not unusual, in times of war, for the remaining partners to carry on a business while other partners are fighting in the armed forces, and where a partnership is carried on under such circumstances as those here present, we think it is error for the Commissioner to disregard the partnership for income tax purposes: Decision will be entered under Rule 50.